1907.) In the matter of the estate of Sylvester N. Leary, deceased.

PER CURIAM. Decree affirmed, with costs against the appellants personally. Order filed.

INGRAHAM, J., dissents.

LEDERER AMUSEMENT CO., Appellant, v. KERKER, et al., Respondents. (Supreme Court, Appellate Division, First Department. July 15, 1907.) Action by the Lederer Amusement Company against Gustave Kerker and others. F. Bien, for appellant. J. A. Douglas, for respondents. No opinion. Judgment affirmed, with costs. Order filed.

LE ROY HYDRAULIC ELECTRIC & GAS CO., Appellant, v. MOUND et al., Respondents (five cases). (Supreme Court, Appellate Division, Fourth Department. May 22, 1907.) Actions by the Le Roy Hydraulic Electric & Gas Company against Dominico Mound and others. No opinion. The motion to dismiss appeals having been made so late in the term, the same is denied, without costs, but without prejudice to the renewal thereof upon the first day of the ensuing September term.

In re LESSER'S ESTATE. (Supreme Court, Appellate Division, Second Department. June 28, 1907.) In the matter of the estate of Huldah Lesser, deceased. No opinion. Order resettled, so as to provide that the costs be paid by the respondent, as administrator.

LEVENSON, Respondent, v. BRIGGS, Appellant. (Supreme Court, Appellate Division, Second Department. June 7, 1907.) Action by Morris Levenson against George Stuart Briggs. No opinion. Judgment and order unanimously affirmed, with costs.

LEVIN et al., Respondents, v. DIETZ, Appellant. (Supreme Court, Appellate Division, Second Department. June 21, 1907.) Action by Louis Levin and another against James E. Dietz. No opinion. Motion for leave to appeal to the Court of Appeals granted. Settle order on notice. See 96 N. Y. Supp. 468.

LEVY, Appellant, v. GREEN, Respondent. (Supreme Court, Appellate Division, First Department. June 14, 1907.) Action by Jacob Levy against Joseph Green. J. Manheim, for appellant. M. Esberg, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

LEVY, Appellant, v. LEVY, Respondent. (Supreme Court, Appellate Division, First Department. June 14, 1907.) Action by Sarah R. Levy against Ernest Levy. D. P. Hays, for appellant. G. G. Battle, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

LEWISOHN v. LANSING CO. et al. (Supreme Court, Appellate Division, First Department. June 14, 1907.) Action by Adolph Lewisohn against the Lansing Company and others. No opinion. Motion denied, with $10 costs. Order filed.

LIEBERMAN, Respondent, v. SOLOMONSON, Appellant. (Supreme Court, Appellate Division, Second Department. June 7, 1907.) Action by Samuel Lieberman against Joseph Solomonson. No opinion. Judgment of the Municipal Court affirmed, with costs.

LINDEN, Appellant, v. THIERIOT et al., Respondents. (Supreme Court, Appellate Division, First Department. June 14, 1907.) Action by Emily Linden against Ferdinand M. Thieriot and others. L. L. Kellogg, for appellant. C. H. Ayres, Jr., for respondents. No opinion. Judgment affirmed, with costs, on 116 App. Div. 295, 101 N. Y. Supp. 568. Order filed. See 94 N. Y. Supp. 246.

LIPSCHITZ v. HALPERIN. NILES-BEMENT-POND CO. v. URY. HILL v. MULLER. (Supreme Court, Appellate Division, First Department. May 17, 1907.) Actions by Mayer Lipschitz against Simon Halperin, by the Niles-Bement-Pond Company against Gustav Ury, and by Hugh Hill against Charles Muller. No opinion. Applications denied, with $10 costs in each case. Orders signed.

LISCHINSKY, Appellant, v. DOELGER et al. Respondents. (Supreme Court Appellate Division Second Department. June 28, 1907.) Action by Nochem Lischinsky against Charles A. Doelger and others. No opinion. Order dismissing appeal vacated, on condition that a proper return is filed and the case placed on the next calendar of this court.

LITTLE, Respondent, v. CITY OF NEW YORK et al., Appellants. (Supreme Court. Appellate Division, Second Department. July 23, 1907.) Action by Ellen Little against the city of New York and others. No opinion. Order modified, by inserting a provision requiring the payment of $25 to each defendant as a condition of opening the default and, as so modified, affirmed, without costs.

LITTNER, Appellant, v. INTERURBAN ST. RY. CO., Respondent. (Supreme Court, Appellate Division, First Department. June 7, 1907.) Action by Rose Littner, an infant, against the Interurban Street Railway Company. O. Horwitz, for appellant. H. G. Smyth, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

LAUGHLIN, J., dissents on the ground of error in charging last two requests of counsel for defendant. LAMBERT, J., dissents on the ground of error in charging second last request.

LOMBARD, Respondent, v. VOSHALL, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 28, 1907.) Action by Jacob C. Lombard against Caroline P. Voshall. No opinion. Judgment and order affirmed, with costs.

LUDLAM, Respondent, v. LUDLAM, Appellant. (Supreme Court, Appellate Division, First Department. May 24, 1907.) Action by Mary Ludlam against Henry A. Ludlam. C. M.

Stafford, for appellant. S. H. Guggenheimer, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

---

LUDLAM v. LUDLAM. (Supreme Court, Appellate Division, First Department. June 28, 1907.) Action by Mary Ludlam against Henry A. Ludlam. No opinion. Motion denied, with $10 costs. Order filed.

---

LUNNY v. HAISELT et al. (Supreme Court, Appellate Division, First Department. June 28, 1907.) Action by Farrell Lunny against Marie Haiselt and another. No opinion. Motion granted, with $10 costs. Order filed.

---

McALLISTER, Respondent, v. BAUMGRAS, Appellant. (Supreme Court, Appellate Division, Fourth Department. June 12, 1907.) Action by Adelaide McAllister against Daniel N. Baumgras, as, etc. No opinion. Judgment affirmed, with costs.

---

McCARTHY, Respondent, v. DANNER, Appellant. (Supreme Court, Appellate Division, Second Department. June 28, 1907.) Action by Thomas P. McCarthy against Adam Danner.

PER CURIAM. Motion for reargument denied, with costs.

WOODWARD, J., dissents.

(55 Misc. Rep. 208)

McCARTHY v. NEW YORK CITY RY. CO. (Supreme Court, Appellate Term. June 27, 1907.) Appeal from Municipal Court, Borough of Manhattan, Third District. Action by Morris McCarthy against the New York City Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed. Harcourt Bull, for appellant. James L. Quackenbush (Henry J. Smith, of counsel), for respondent.

PER CURIAM. Judgment affirmed, with costs, upon the authority of William J. Johnston v. N. Y. City Ry. Co. (App. Term), 104 N. Y. Supp. 812, and Nicholson v. Same (Sup.) 103 N. Y. Supp. 695.

SEABURY, J. (dissenting.) This action was brought to recover a penalty because of the refusal of the defendant company to give the plaintiff, who was a passenger upon one of its cars, a transfer as required by law. The fact that the defendant violated the law and refused the plaintiff a transfer was not denied by any witness called upon the trial. The defendant resisted the plaintiff's claim, upon the ground that the plaintiff was not a passenger in good faith, and, therefore, was not a party "aggrieved," within the definition of that term given by the Appellate Division in the case of Nicholson v. N. Y. City Ry. Co. (Sup.) 103 N. Y. Supp. 695. The plaintiff had brought several actions of a like nature against this defendant, and as to whether or not, upon all the testimony, he was a party "aggrieved," within the decision of the Nicholson Case, was a question of fact, to be determined by the justice who tried the case without a jury. The trial justice rendered judgment in favor of the defendant, and rendered the following opinion: "The plaintiff having recovered two penalties against the defendant for failure to give transfers over the same route taken by him, and therefore knowing that transfers would be refused to him, it is fair to presume that at the time the transfer was refused he was not a passenger in good faith seeking to be transferred to a connecting line of the defendant's road, and that his sole purpose in asking for a transfer was to bring an action to recover the penalty for the refusal, and that he was not thereby aggrieved." From this opinion it is apparent that the trial justice concluded that this plaintiff was not a passenger in good faith merely because he had recovered two judgments against the defendant for failure to give transfers over the same route. It seems to be wholly unreasonable to hold that an inference of bad faith arises from the fact that the plaintiff had been successful in two other actions. The plaintiff in this case may or may not have been a passenger in good faith, and this fact should have been determined from a consideration of all the circumstances disclosed by the evidence, and his bad faith should not have been regarded as a corrollary of the fact that the plaintiff had recovered two other penalties against this defendant. If, because the plaintiff had recovered two penalties against this defendant "for failure to give transfers over the same route taken by him, and, therefore, knowing that transfers would be refused him, it is fair to presume that at the time the transfer was refused that he was not a passenger in good faith seeking to be transferred to a connecting line of the defendant's road," then it must follow that the recovery of two penalties is a bar to the prosecution of any other action for a penalty, no matter how many times his right as a passenger and the provisions of the statute may be disregarded by this defendant. Such a construction of the statute seems to me to be absurd. This plaintiff has a right to bring as many actions to recover penalties as there are occasions where he is refused a transfer in violation of the statute, provided, only, that he is a passenger in good faith when he is refused a transfer. The fact that he has recovered two penalties only proves that on two other occasions, when he was a passenger in good faith, the railroad company refused him a transfer in violation of law. To permit the defendant, under these circumstances, to prevent the plaintiff from recovering a third penalty for a third violation of the statute, on the ground that he has recovered in two other actions, is to permit it to take advantage of its own wrong, and succeed upon the plea that, because the plaintiff had proven his good faith twice, therefore he must necessarily be held to have acted in bad faith when he brings a third action. To so decide is equivalent to holding that, because a person has in two actions proven his good faith, in all subsequent actions he is to be presumed to have acted in bad faith. I cannot understand any process of reasoning by which such a conclusion can be reached. In considering this case we should not lose sight of the fact that the defendant is before the bar of this court, convicted, by the undisputed testimony disclosed by this record, of being a lawbreaker, and endeavoring to avoid the payment of the penalty imposed by statute by attacking the good